NATHAN, Judge
(dissents).
I respectfully dissent and adopt the initial majority opinion of this court as follows:
This is an appeal by the plaintiff, Agnes Laird, in proper person, from an order granting a motion for summary judgment filed by the defendants, Herman Cohen and Charlotte Vogel a/k/a Charlotte Chester, and entering judgment for said defendants in an action for fraud and deceit, malicious civil prosecution, malicious criminal prosecution and abuse of process.
The plaintiff filed a complaint in the trial court alleging that the defendants knowingly and wrongfully secured a tax deed on the plaintiff’s homestead property, brought an unlawful detainer action to gain possssion thereof and caused all of the plaintiff’s furniture, possessions, private papers and personal effects to be placed on the street and damaged or stolen by vandals and thieves or ruined by exposure to weather conditions. The defendants filed an answer to the complaint, and the parties proceeded with discovery, Following several months of procedural skirmishing, the trial court entered summary final judgment for the defendants and this appeal ensued. The plaintiff present's the following questions for our consideration:
“1. Whether the Writ of Assistance without hearing or notice, was void ab initio ?
2. Whether or not Defendants having the Writ of Assistance committed Abuse of Process by stealthly and secretly breaking into Plaintiff’s homestead, throwing her household furnishing outside, and padlocking all the outer doors ?
*652 3. Whether or not Defendants by their acts of breaking into Plaintiff's homestead became trespassers ab initio ?
4. Whether or not Defendants are liable in damages for maliciously and without probable cause prosecuting Plaintiff for trespassing on Plaintiff’s homestead, which charges were nolle prosequi by the Criminal Court in favor of Plaintiff?
5. Whether or not on the reversal of the Summary Judgment of Possession and the Writ of Assistance, defendants were liable for all damages, and restore Plaintiff to her original position before they broke into her Homestead, and dispossessed Plaintiff? ”
Having studied the briefs and the record on appeal including the depositions of all parties and the affidavits of the defendants, I concluded that there are genuine issues of material fact to be determined in this case by the trier of fact. Thus, summary judgment was precluded. See Holl v. Talcott, Fla.1963, 191 So.2d 40.
As to the plaintiff’s allegations of malicious civil prosecution, malicious criminal prosecution and abuse of process, it is clear that some of the elements required to prove up the charges are present. The criminal trespass charge filed by the defendants against the plaintiff, was determined in favor of the plaintiff when Charlotte Vogel Chester, the complaining witness failed to appear for the trial. In addition, the civil action for unlawful detain-er filed by the defendants against the plaintiff resulted favorably to the plaintiff when the plaintiff was granted relief from judgment of possession, the writ of assistance was set aside and the tax deed sale was set aside. Although I find it questionable whether the plaintiff could prove malice on the part of the defendants, her allegations that she had advised the defendant that the matter of her taxes was pending on appeal to the Florida Supreme Court when the tax deed sale took place, and that plaintiff remained on her premises under color of title after such sale, creates an issue of fact which may be dispositive of the question of malice.
I also find a material issue of fact as to the defendants’ liability for the damage, loss, destruction, mutilation and disappearance of the plaintiff’s belongings, furnishings and personal papers as alleged in her complaint. I took particular note of the fact that the defendants hired men to assist in the removal of the plaintiff’s property from the premises. These workmen were privately hired by the defendants and were in no way connected with the Sheriff who acted pursuant to a writ of assistance.
Accordingly, I would reverse the summary judgment and remand the cause to the trial court with directions to proceed consistent herewith.